

1
2  Oren Bitan
   BUCHALTER NEMER PLC
3  Attorneys for Plaintiff/Counter-
   Defendant
4  1000 Wilshire Boulevard, Suite 1500
   Los Angeles, CA 90017-2457
5  (213) 891-0700
   obitan@buchalter.com
6
   Stephen P. Afendoulis
7  (admitted *pro hac vice*)
   Timothy E. Eagle
8  (admitted *pro hac vice*)
   VARNUM LLP
9  Attorneys for Plaintiff/Counter-
   Defendant
10 Bridgewater Place, P.O. Box 352
   Grand Rapids, MI 49501-0352
11 (616) 336-6000
   spafendoulis@varnumlaw.com
12 teeagle@varnumlaw.com

Ali Kamarei
Alexander Chen
INHOUSE CO.
Attorneys for Defendant/Counter-
Plaintiff
50 West San Fernando Street, Suite 900
San Jose, CA 95113
(408) 918-5393

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

_____

EAST JORDAN PLASTICS, INC., a
Michigan corporation,

    Plaintiff,

    v.

AINONG USA CORP., a California
corporation,

    Defendant.

AINONG USA CORP., a California
corporation,

    Counter-Complainant,

    v.

EAST JORDAN PLASTICS, INC., a
Michigan corporation,

    Counter-Defendant.

Case No. 2:12-cv-06720

**STIPULATED PROTECTIVE
ORDER**

**[CHANGE MADE BY COURT TO
PARAGRAPH 10]**

**RECITALS:**

A.    The parties to this litigation believe that certain information that may be divulged in this litigation may contain sensitive business or commercial information.

B.    The parties believe that such information may be relevant to the subject matter involved in the pending action within the meaning of Rule 26(b) of the Federal Rules of Civil Procedure.

C.    The undersigned parties believe that it would serve the interests of the parties to conduct discovery under a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED:**

1.    **Authorized Designation Under Protective Order**.   Each party producing information, including any document, thing, testimony, or other data, in this litigation may segregate and designate such information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY to the extent that the providing party asserts the information falls within the scope of protection defined below.   Non-parties producing information in this litigation may designate such information under the provisions of this Protective Order and shall be entitled to all the protections afforded hereunder.

2.    **Confidential Material**. Discovery Material may be designated "CONFIDENTIAL" if such discovery contains non-public, sensitive or confidential information. Such Discovery Material shall be so identified at the time of service of same by including on each page the legend "CONFIDENTIAL." Any document, material, or information designated by a party as "CONFIDENTIAL" must be reviewed by an attorney. The designation of any document, material, or information as "CONFIDENTIAL," in the manner described above, shall constitute a certification by the attorney reviewing the material and making such designation that he or she in good faith believes the material is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

3.    **Attorneys' Eyes Only.** A party may designate Discovery Material as "ATTORNEYS' EYES ONLY" if such Discovery Material contains particularly sensitive confidential information that the producing party believes in good faith cannot be disclosed without threat of competitive injury, because such Discovery Material contains proprietary or commercially sensitive information. Such Discovery Material shall be so identified at the time of service of same by including on each page the legend "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Any documents, material, or information designated by a party as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" must be designated as such only by an attorney.

4.      **Limited Use**.   Confidential and Attorneys' Eyes Only Material designated under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part therefrom shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose.

5.      **Access to Confidential and Attorneys' Eyes Only Material**.

Material in the CONFIDENTIAL – ATTORNEYS' EYES ONLY category may be used only for purposes of this litigation and may be disclosed only to the following persons:

a.      Counsel of record for the parties and in-house counsel, including necessary employees including other attorneys and secretarial, clerical, and paralegal personnel assisting such counsel.

b.      Court reporters, videographers, and such other qualified persons otherwise unconnected to any party, but who are involved in taking testimony, copying documents, and the like.

c.      Outside experts, consultants, or professionals, who are not competitors of a party, for the purposes of this litigation and who sign the Undertaking provided for below.

d.      The Court and necessary Court personnel, subject to provisions regarding filing under seal in paragraph 9, below.

Material in the CONFIDENTIAL category may be used only for purposes of this litigation and may be disclosed only to the following persons:

      a.     All persons listed in (a)-(d) above.

      b.     The parties and their employees.

6.    **Exceptions**.  The designation of any document as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY shall not preclude any party from showing the document to any person (a) who appears as the author or as an addressee on the face of the document or (b) who has been identified by the designating party as having been provided with the document prior to the date of execution of this Order by all parties.  In such circumstances, the person will not be required to sign the Non-Disclosure Agreement.  However, such persons may not retain any Confidential or Attorneys' Eyes Only Material or copies thereof.

Nothing contained in this Order shall affect the right of any designating party to disclose or to use for any purpose the documents or information it produced and designated as Confidential or Attorneys' Eyes Only Material.  This Order shall not limit or affect the right of any party to use or disclose any material or thing that has not been obtained through, or derived as a result of, this litigation.

7.    **Public Information**.  Information shall not be deemed Confidential or Attorneys' Eyes Only Material, even if marked as such by the designated party, if:

a.      After disclosure, the information is revealed to the public by a person having the unrestricted right to do so.

b.      The information is, or has been, acquired by the party to whom it is disclosed from a third party who lawfully possess it and owes no duty of non-disclosure to the party providing the information.

A party relying on this provision shall have the burden of establishing its applicability, notwithstanding the procedure for challenging designations set forth in paragraph 8 of this Agreement.  The same duties to meet and confer applicable to discovery motions generally apply to anyone bringing a motion to change a designation of a document under this Order.

8.      **Undertaking**.  Outside experts, consultants, or professionals shall not obtain access to Confidential or Attorneys' Eyes Only Material until and unless the person receiving the information has executed the Undertaking (in the form attached as Exhibit A) stating that he or she has read this Protective Order and that he or she agrees to be bound by this Protective Order.  Counsel for such party shall retain a copy of the Undertaking.

9.      **Challenging Designations**.  Information obtained during discovery and designated by the providing party under this Protective Order shall be deemed to be properly designated unless the parties otherwise agree or the Court rules that it is not.  If, after meeting and conferring to discuss any dispute that arises due to any designation under this Protective Order, the parties are unable to reach agreement, a

party may move this Court for an order compelling the re-designation of or the removal of a designation.  In such a motion, the designating party shall have the burden of providing that the material in question is within the scope of protection contemplated by Rule 26 of the Federal Rules of Civil Procedure or this Protective Order. The same duties to meet and confer applicable to discovery motions generally apply to anyone bringing a motion to change a designation of a document under this Protective Order.

10.   **Court Filings**.  When Confidential or Attorneys' Eyes Only Material is contained within any paper filed with the Court, the party offering it must submit the relevant materials for filing under seal in accordance with Local Rule 79-5.1. Before offering or otherwise causing designated information to become evidence in any trial or other evidentiary proceeding, the party wishing to use such information shall seek the aid of the Court in formulating a reasonable procedure for preventing the disclosure of such information to persons not authorized hereunder to receive the information, except that the parties recognize that such proceedings are presumptively public and accordingly, that the Court may deem it inappropriate to restrict the disclosure of materials offered at trial or other proceedings.

11.   **Use of Confidential or Attorneys' Eyes Only Material**.  In the event that any Confidential or Attorneys' Eyes Only Material is used in any proceeding in connection with this litigation, it shall not lose its designated confidential status through such use, and the party using such material shall take all steps reasonably

available to protect its confidentiality during such use.

Information designated as Confidential or Attorneys' Eyes Only Material may be used during any proceeding in this litigation and may be offered in evidence at the trial subject to the Court Rules and Rules of Evidence, but may not be used for any other purpose.  A party seeking to use Confidential or Attorneys' Eyes Only Material in a proceeding shall give the Court and the opposing party reasonable notice of its intent to use such Confidential or Attorneys' Eyes Only Material.  It shall be incumbent on the party seeking to protect the confidentiality of the Confidential or Attorneys' Eyes Only Material to obtain direction from the Court as to how the Court wishes to handle the receipt of Confidential or Attorneys' Eyes Only Material into evidence.

12.  **Procedure for Deposition Testimony**.  When any information properly subject to protection under this Protective Order is contained in deposition testimony or in exhibits attached to a deposition, arrangements shall be made with the court reporter to label the deposition transcript as well as each designated exhibit as "[disclosing party's name], CONFIDENTIAL [or CONFIDENTIAL – ATTORNEYS' EYES ONLY] MATERIAL SUBJECT TO PROTECTIVE ORDER."  The words "CONFIDENTIAL [or CONFIDENTIAL – ATTORNEYS' EYES ONLY] MATERIAL SUBJECT TO PROTECTIVE ORDER" shall appear in the footer of each page of a deposition transcript in which designated testimony appears.  All or any portion of testimony falling within either of the protected

information categories may be designated prior to or during the proceeding in which the testimony is elicited, on the record or by other agreement of counsel, or at any time within twenty (20) days after receipt of the transcription of such testimony by the designating party.  Unless otherwise agreed to by the parties, any deposition transcript will be treated as "Confidential [or Confidential – Attorneys' Eyes Only] Material" in its entirety until twenty (20) days after receipt of the transcription of such testimony by the designating party.  If either party fails to designate either on the record during the deposition or in writing within twenty (20) days after receipt of the deposition transcript those portions of the deposition transcript that are to be maintained in a specific category, those portions of the transcription not so designated shall, after twenty (20) days from the deposition has passed, be treated as if they were not designated.  Any person present at a deposition, other than the witness, permitted attorneys, and court reporter, shall remove himself or herself from the deposition, upon request of counsel, if counsel asks questions which elicit or are likely to elicit information that would be designated as Confidential or Attorneys' Eyes Only Material.

13. **Inadvertent Failure to Designate**.  If a party is notified within 15 days of production that a producing party has inadvertently failed to designate documents as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY before the documents were produced, the receiving party shall refrain from disseminating the documents and treat the documents as designated as

CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Protective Order until the notifying party provides properly designated copies of the documents to the receiving party.  Upon receipt of the properly designated copies of the documents, the receiving party shall take steps to retrieve and destroy all copies of the documents, including copies distributed or otherwise made available to persons not authorized to receive such documents under this Protective Order.  The notifying party shall promptly provide properly designated copies of the documents to the opposing party.  The disclosure of documents to unauthorized persons prior to notification by the producing party that a designation was omitted shall not be deemed a waiver of the protections afforded by this Protective Order.  Information disclosed prior to notification may not be used in any manner inconsistent with the purpose, intent, or provisions of this Protective Order.

14. **Motion Practice**.  This Order shall be without prejudice to the right of the parties to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate order as to any particular document or information, including restrictions differing from those as specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

15. **Inadvertent Production**.  It is agreed that inadvertent production of a document or information subject to any privilege, including the attorney-client privilege or work product immunity, despite the parties' reasonable efforts to pre-

screen such document or information prior to its production does not waive the privilege.

16.   **Admissibility**.  This Order shall not prejudice the right of the parties to oppose the admissibility of any of the documents produced on the grounds of lack of relevancy, privilege, or any other legal reason.

17.   **Termination of Litigation**.   This Order shall survive the final termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of Confidential or Attorneys' Eyes Only Material disclosed hereunder.  Within 30 days after the termination of this case, upon the request of a party, counsel for the parties shall assemble and return to each other all copies of documents, materials, and deposition transcripts designated as containing Confidential or Attorneys' Eyes Only Material or certify their destruction. However, outside counsel may retain intact an archival file copy of any pleading, exhibit, deposition, or trial testimony transcript that includes or references Confidential or Attorneys' Eyes Only Material.

18.   **No Contract**.  This Protective Order is not a contract or agreement between the parties and creates no private rights of any sort or character in any person.  It is an order of the Court that can be amended or altered at any time by the Court for good cause.  The parties disclaim any reliance on the Protective Order in its present form as presented in this stipulation.  Nothing in this Protective Order shall limit the right of a party to seek further, additional, or other limitations on

information disclosed in pre-trial proceedings which the Court could otherwise order for good cause shown.

IT IS SO ORDERED.

By:  Jacqueline Chooljian /s/

UNITED STATES MAGISTRATE JUDGE

Dated:  May 23, 2013

STIPULATED AND AGREED:

Dated:  March  26, 2013                              Dated: March  26, 2013

VARNUM LLP                                            INHOUSE CO.
Attorneys for                                        Attorneys for
Plaintiff/Counter-Defendant                          Defendant/Counter-Plaintiff

By: /s/Timothy E. Eagle                              By: /s/Ali Kamarei
        Timothy E. Eagle                                     Ali Kamarei
        (admitted *pro hac vice*)

5986063_1.DOCX

## **EXHIBIT A**

## **TO STIPULATED PROTECTIVE ORDER**

I, _____, being duly sworn, state that:

1.    My present address is_____.    My current employer is _____. My current position is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence and will not disclose to anyone not qualified under the Protective Order and will use only for purposes of this action any Protected Material which is disclosed to me.

4.    I will return all Protected Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained when requested to do so by that counsel.

5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.


_____


Subscribed and sworn to before me this ___ day of _____, 20___.


_____, Notary Public
County of _____, State of _____
My commission expires:

5986063_1.DOCX